UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVER D. SMITH,

                        Plaintiff,

-against-

MANHATTAN INSTITUTE FOR POLICY
RESEARCH,

                        Defendant.

23 Civ. 6143 (LGS)

ORDER OF SERVICE

---

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's diversity of citizenship jurisdiction, alleging defamation. By order dated July 31, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.  Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Manhattan Institute for Policy Research through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Request for Counsel**

Plaintiff filed an "Application for the Court to Request Pro Bono Counsel."  (ECF No. 10.)  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention."  *Cooper*, 877 F.2d at 172.  Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Manhattan Institute for Policy Research, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff's request for counsel (ECF No. 10) is denied without prejudice to renewal at a later date.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 5, 2024
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANT AND SERVICE ADDRESS

Manhattan Institute for Policy Research
52 Vanderbilt Avenue
New York, New York 10017